```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | | |
|---|---|---|
| Anthony Lockhart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22 C 5875 |
| | ) | |
| | ) | |
| Advocate Health and Hospitals | ) | |
| Corporation d/b/a Advocate | ) | |
| Aurora Health, | ) | |
| | ) | |
| Defendant. | ) | |

## Order

Plaintiff Anthony Lockhart brings this lawsuit alleging sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant Advocate Health and Hospitals Corporation ("Advocate") moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

According to the complaint, Lockhart worked for Advocate as an "Echo/Vascular Ultrasound Technologist" from late 2015 until his employment was terminated on January 14, 2022. Complaint, Dkt. No. 1 ¶¶ 15–16. On January 3, 2022, Lockhart met with Advocate's human resources department and was asked whether he remembered anything unusual about an encounter with a female patient in November 2021. *Id.* ¶¶ 18–19. That patient had made a complaint against Lockhart involving "inappropriate touching." *Id.* ¶¶ 20,

41. Advocate informed Lockhart that it was continuing to investigate the allegations against him. *Id.* ¶ 23. Lockhart's employment was terminated on January 14, 2022. *Id.* ¶ 24.

Lockhart alleges that prior to termination he did not receive any documentation regarding the allegations made by the patient, was not made aware that his employment was at risk, and was not given an opportunity to respond to the allegations or to appeal his termination. *Id.* ¶¶ 25-27, 33-34, 39. On the date of his termination, Lockhart received a "Corrective Action Notice" indicating he was fired for violation of the Advocate Aurora Patient Rights & Responsibilities Policy. *Id.* ¶¶ 28, 31, 37. In addition to the November 2021 incident, the Corrective Action Notice cited an incident with a female patient from November 2020, for which Lockhart alleges he was not found to be at fault following an investigation. *Id.* ¶¶ 35-36.

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint alleging sex discrimination need only aver that the employer [had] instituted a (specified) adverse employment action against the plaintiff on the basis of her [or his] sex.'" *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (alterations in original) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013)). Lockhart alleges he was terminated for pretextual reasons "in an attempt of Defendant company to insulate itself from involvement with any claims about inappropriate

2

touching between a male employee and female patient." *Id.* ¶ 40. He further alleges that he was fired after Advocate inadequately investigated the accusation, rushed to judgment, and fired him "simply because [he] is a male." Complaint ¶¶ 41–42, 47; *see also id.* ¶¶ 46, 48–49 ("[Advocate] discriminated against Plaintiff because of his sex/gender when discharging his employment.").

But a sex discrimination claimant under Title VII must allege that he suffered discrimination "because of" his sex. *See* 42 U.S.C. § 2000e-2(a)(1). As the Supreme Court has explained, "Title VII's 'because of' test incorporates the 'simple' and 'traditional' standard of but-for causation." *Bostock v. Clayton County*, 140 S. Ct. 1731, 1739 (2020) (internal quotation marks omitted) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570, U.S. 338, 346, 360 (2013)). "[A] but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." *Id.*

Lockhart fails to allege enough to give rise to the plausible inference that he would not have been fired but-for his sex. Specifically, nothing in the complaint allows me to infer that he would not have been fired if he were female, assuming all the other circumstances--including allegations of sexual misconduct by patients--remained the same. That is important because if a female employee would also have been fired following such allegations, then there was no sex discrimination.

3

For these reasons, the motion to dismiss is granted without prejudice. *See Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 517 (7th Cir. 2022) (noting that plaintiff should have at least one opportunity to amend when original complaint is dismissed under Rule 12(b)(6)). Lockhart has until March 31, 2023, to file an amended complaint. If no amended complaint is filed by that date, I will enter judgment for Advocate.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 16, 2023