IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Lockhart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22 C 5875 |
| | ) | |
| | ) | |
| Advocate Health and Hospitals | ) | |
| Corporation, d/b/a Advocate | ) | |
| Aurora Health, | ) | |
| | ) | |
| Defendant. | ) | |

Order

Anthony Lockhart was fired from his job at Advocate Health and Hospitals Corporation ("Advocate"), after which he filed a charge alleging sex discrimination with the Illinois Department of Human Rights and Equal Employment Opportunity Commission. After receiving his right-to-sue notice, he sued Advocate in federal court for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* I dismissed Lockhart's original complaint under Federal Rule of Civil Procedure 12(b)(6), ECF 22, but gave him the opportunity to file an amended complaint. The amended complaint retains the Title VII claim and adds claims for defamation *per se*. Advocate has again moved for Rule 12(b)(6) dismissal. For the following reasons, I grant the motion with

respect to Lockhart's Title VII claim and decline to exercise supplemental jurisdiction over the remaining claims.

According to the amended complaint, Lockhart worked as an "Echo/Vascular Ultrasound Technologist" starting in November 2015. Am. Compl., ECF 24 ¶ 15. At a meeting with the human resources department on January 3, 2022, Lockhart was asked about a November 29, 2021, incident during which Lockhart, who is male, was instructed to perform a "scan/study" of a female patient. *Id.* ¶¶ 18–21, 49. That patient, who had requested a female ultrasound technician, accused Lockhart of inappropriate touching. *Id.* ¶¶ 24, 48, 59. Lockhart had previously faced a similar accusation by a different female patient who had also requested a female ultrasound technician in November 2020, but he maintains he was cleared of wrongdoing as to that incident. *Id.* ¶¶ 38–42. On January 14, 2022, Advocate fired Lockhart based on these accusations. *Id.* ¶¶ 16, 32.

To satisfy federal pleading standards, a Title VII plaintiff need not plead facts corresponding to each element of a prima facie case. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). But the plaintiff "must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Id.* at 776 (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)). Lockhart has failed to do so here.

Rather than alleging facts sufficient to infer that Advocate would have treated a female employee differently, Lockhart accuses

2

Advocate of "twice placing him in situations where female patients specifically requested the presence of a female gendered hospital staff" and alleges that "similarly situated female gendered employees" would not have received the same accusations in those situations. Am. Compl. ¶¶ 54-55. According to these allegations, it was the patients who discriminated against Lockhart based on his sex; they would not have lodged complaints had he been female. But the relevant inquiry is whether Advocate fired Lockhart because of his sex, not whether patients complained because of his sex. Lockhart's suggestion that Advocate intentionally sent him to perform ultrasounds on patients who had requested female technicians, knowing that those patients would complain about Lockhart, defies plausibility. And insofar as the amended complaint alleges that Advocate harbored a bias in favor of the patients who accused him of inappropriate touching, that alone would not violate Title VII. *See Doe v. Columbia Coll. Chi.*, 299 F. Supp. 3d 939, 955 (N.D. Ill. 2017) ("[E]ven viewing these allegations in the light most favorable to Plaintiff, they all are indicative, at best, of a bias in favor of sexual assault complainants and against those accused of sexual assault, regardless of gender."), *aff'd*, 933 F.3d 849 (7th Cir. 2019).[1]

---

[1] Though *Doe v. Columbia College Chicago* is a Title IX case, the relevant proposition--that a plaintiff claiming discrimination must plausibly allege that he suffered some harm based on a protected trait--applies with equal force in the Title VII context.

The amended complaint, like the original, offers no basis to infer that a female employee facing similar allegations would not have been fired, and under the Supreme Court's cases, that is the relevant inquiry. *See Bostock v. Clayton County*, 140 S. Ct. 1731, 1739 (2020) (holding but-for causation is the proper test and that requires changing one thing at a time to see if the outcome changes). It may well be, as Lockhart alleges, that Advocate fired him in an attempt "to insulate itself from involvement with any legal claims which might be perceived to be criminal and/or sexual in nature," Am. Compl. ¶ 53, but that is not sex discrimination.

Having concluded that Lockhart fails to state a Title VII claim, I decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015) ("The general rule, when the federal claims fall out before trial, is that the [district court] should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into

---

*Cf. Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1047 (7th Cir. 2017) ("[The Seventh Circuit] has looked to Title VII when construing Title IX." (citation omitted)), *abrogated on other grounds by Ill. Republican Party v. Pritzker*, 973 F.3d 760 (7th Cir. 2020).

matters of purely state law." (citation and quotation marks omitted)).

Accordingly, Advocate's motion to dismiss is granted as to Lockhart's Title VII claim, which is dismissed with prejudice. His defamation claims are dismissed without prejudice. *See Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011) (observing that once a district court declines to exercise supplemental jurisdiction over claims, the proper course is to dismiss them without prejudice).

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 30, 2023